IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

MANUEL JOSEPH BAYYA,

                Defendant.

No. 3:13-cr-00558-HZ

OPINION & ORDER

Gregory R. Nyhus
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Gerald M. Needham
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

/ / /

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Manuel Bayya is charged with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Defendant moves to suppress the physical evidence found from a search of himself and the car in which he was a passenger. Because there was reasonable suspicion to stop the car and the length of the stop was reasonable, I deny the motion to suppress [23].

## BACKGROUND

Around 10:00 p.m. on the night of September 28, 2013, Trooper Perry Rhoades observed a car with white light emitting from the rear side marker lights, a violation of ORS § 816.190(2)(a).[1] Trooper Rhoades initiated a stop and the car pulled into a parking lot. As he approached the car, the driver opened the car door and began to exit. Trooper Rhoades directed the driver to remain inside the car as a safety precaution. A woman sat in the front passenger seat and a man, Defendant, sat in the rear behind the driver's seat. Trooper Rhoades observed Defendant reaching down beneath the driver's seat and directed him to put his hands where they were visible. Trooper Rhoades also noticed that Defendant did not have his seatbelt fastened, a violation of ORS § 811.210.[2] Trooper Rhoades asked the driver and Defendant for identification, but both indicated that they did not have any.

Trooper Rhoades called for backup and asked the driver to step out of the car and walk to the patrol car. The driver gave "James Gonzalez" as his name.[3] Trooper Rhoades asked dispatch to perform a records check and learned that Gonzalez was on probation in Marion

---

[1] In its brief, the government cited to ORS § 816.080(2), which requires that "when lighted, taillights shall emit a red light." At the hearing, the government alerted the court of the correct statute, ORS § 816.190(2)(a), which requires that "[r]earward side marker lights shall be red."
[2] ORS § 811.210(d) requires that "[a] person…must be properly secured with a safety belt[.]"
[3] The driver's real name is Brian James Perr.

County for a drug offense and that he was not allowed to associate with known drug users. Detective James Ward arrived as backup about nine minutes into the stop.

Trooper Rhoades approached the car again and asked Defendant for his name. Defendant responded "Chris Butler."[4] Ten minutes into the stop, Trooper Rhoades directed Defendant to step out of the car for a pat down, during which Defendant admitted having a prior conviction for drug possession. Trooper Rhoades returned to the patrol car to ask Gonzalez for permission to search the car. Gonzalez refused to give permission, explaining that it was not his car, but a car that he was test-driving.

About 15 minutes into the stop, Trooper Rhoades returned to the car and spoke with the woman in the front passenger seat. He learned that she also had a prior conviction for drug possession. About 19 minutes into the stop, Trooper Rhoades called the duty probation officer for Marion County and discussed Gonzalez's situation. About 26 minutes into the stop, the duty probation officer told Trooper Rhoades that he would issue a detention warrant for Gonzalez. Gonzalez was arrested and placed in the patrol car.

About 28 minutes into the stop, Trooper Rhoades returned to the car to tell the woman that the car was going to be searched. At that time, Detective Ward spotted a gun in plain view on the floor near where Defendant had been sitting. Because of Defendant's prior conviction, Officer Rhoades testified he had probable cause to arrest Defendant for felon in possession of a firearm. Defendant was handcuffed, questioned about the gun, and searched. Bullets were found in Defendant's pocket. A search of the car revealed another gun, drug contraband, marijuana, and two identification cards—one for "Chris Butler" and one for Defendant's real name, Manuel Bayya.

/ / /

---

[4] Defendant provided a fake name to Trooper Rhoades.

3 - OPINION & ORDER

DISCUSSION

Defendant argues that all the physical evidence seized during the stop should be suppressed because Trooper Rhoades did not have reasonable suspicion to stop the car. Def.'s Mem. 7. Alternatively, if the court finds that there was reasonable suspicion for the stop, Defendant argues that the bullets[5] must be suppressed because he was unlawfully seized. Id. at 8.

    A.    Reasonable Suspicion for Stop

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures by the government. U.S. Const. Amend. IV; Elkins v. United States, 364 U.S. 206, 213 (1960) (applying the Fourth Amendment's protections to the states and state actors through the Fourteenth Amendment). A police officer "can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)); see also United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000) ("[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops."). "In evaluating whether the stop of a vehicle satisfies the reasonable suspicion standard, we must look to the 'totality of the circumstances.'" United States v. Valdes-Vega, 685 F.3d 1138, 1144 (9th Cir. 2012) (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)). Whether the suspicion is reasonable is an objective inquiry. See Whren v. United States, 517 U.S. 806, 813 (1996) (officer's subjective intent irrelevant).

Trooper Rhoades stopped the car because he saw a white light on the side of the car, a violation of ORS § 816.190(2)(a). Defendant argues that based on the video from the patrol car,

---

[5] Defendant argues in his briefing that both the gun and bullets should be suppressed. But at the hearing, Defendant concedes that only the bullets could be suppressed if the seizure was unlawful.

4 - OPINION & ORDER

the car's taillights were red, as mandated by law, and therefore, Trooper Rhoades did not have reasonable suspicion to make the stop. However, as explained earlier, the white side rear marker lights were the basis for the traffic stop, not the taillights. The video (Ex. 1) shows Trooper Rhoades following the car shortly before initiating the stop. Trooper Rhoades credibly testified that he observed a white light emitting from the car's side marker lights. Detective Ward also testified that he observed white light from the car's side marker lights. Based on this testimony, the court finds that Trooper Rhoades had reasonable suspicion to stop the car for a traffic violation.

      B.      Unlawful Seizure of Defendant

Defendant next argues that he was unreasonably detained for reasons unrelated to the stop in violation of the Fourth Amendment. Because of the undue delay, Defendant argues the bullets found in his pocket should be suppressed.

Generally, a traffic stop must be limited in duration to the time necessary to effectuate the purpose of the stop. Melendres v. Arpaio, 695 F.3d 990, 1000 (9th Cir. 2012) ("[A] detention beyond the duration of the initial traffic stop must be supported independently by reasonable suspicion of criminality."). At the same time, however, "mere police questioning does not constitute a seizure," and no reasonable suspicion is required to justify questioning that does not prolong a lawful stop. Muehler v. Mena, 544 U.S. 93, 100-01 (2005) (citation omitted); United States v. Turvin, 517 F.3d 1097, 1101-03 (9th Cir. 2008). Ultimately, the court must engage in a "fact-specific reasonableness inquiry" and examine the "totality of the circumstances" to determine whether the stop was reasonable. Turvin, 517 F.3d at 1101.

The testimony shows that Trooper Rhoades did not unreasonably detain Defendant. Defendant argues that he cooperated by answering questions, and that even though he did not

5 - OPINION & ORDER

have identification, there was no reason to detain him for not wearing a seatbelt. Def.'s Mem. 9. The court must evaluate the totality of the circumstances presented rather than each distinct piece of information. "Although each fact, standing alone, is completely legal, conduct innocent in the eyes of the untrained may carry entirely different messages to the experienced or trained observer." Ramirez v. City of Buena Park, 560 F.3d 1012, 1021 (9th Cir. 2009) (internal quotation marks and citation omitted).

Approximately 30 minutes passed from the time of the initial stop until Defendant's arrest. During that period of time, Trooper Rhoades questioned three people, waited for backup, performed a records check for the driver and Defendant, learned that all three had prior convictions, spoke with the duty probation officer at Marion County, and arrested the driver Gonzalez. The situation was further complicated because the driver and Defendant did not have any identification. Unless he is 100% confident of the person's identity, Trooper Rhoades testified that he is reluctant to issue a citation. He also testified about his suspicions that there was possible criminal activity afoot because Defendant had been reaching down in the car shortly after the stop, the lack of identification, and the geographic area of the stop being prone to gang activity. Throughout the stop, Trooper Rhoades diligently pursued his investigation of the driver before turning his attention to Defendant and the other passenger. After Trooper Rhoades arrested the driver and was about to search the car, the gun was spotted in plain view. Viewing the totality of the circumstances, the court finds that Trooper Rhoades did not prolong the stop unreasonably, and thus, Defendant was not detained in violation of his Fourth Amendment.

/ / /

/ / /

6 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant's motion to suppress [23] is denied.

IT IS SO ORDERED.

Dated this  18  day of November, 2014.

                                            MARCO A. HERNÁNDEZ
                                            United States District Judge